UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CAROL KRIEG, ) | |
| ) | Case No.1:08-CV-01457 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE ANN ALDRICH |
| ) | |
| INDEPENDENCE BLUE CROSS, et al., ) | |
| ) | |
| Defendants. ) | MEMORANDUM AND ORDER |
| ) | |

Before this court is a Motion to Compel Responses to Discovery Requests and for Expenses under Civil Rule 37(a)(5)(A) [Doc. 19] filed by defendants Independence Blue Cross ("IBC"), AmeriGas Propane, Inc. ("AmeriGas"), and QCC Insurance Company ("QCC") on February 10, 2009. The defendants request that this court compel plaintiff Carol Krieg ("Krieg") to answer discovery requests served on her on November 24, 2008. The defendants also request that this court award them $1,990 for attorneys fees expended in preparing the motion. Federal Rule of Civil Procedure 37(a)(5)(A) states as follows:

> If the motion [to compel] is granted — or if the disclosure or requested discovery is provided after the motion was filed — the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

In an affidavit, the defendants' attorney David F. Proaño declared that he billed six hours at an hourly rate of $250 for researching, drafting and filing the motion. He also declared that attorney José C. Feliciano billed one hour at an hourly rate of $490 for discussing and reviewing the motion.

On February 16, 2009, Krieg filed an opposition to defendants' motion [Doc. No. 21], stating that Krieg served her responses to the defendants' requests on February 13, 2009. Krieg also argued that the defendants' motion for expenses under Rule 37(a)(5)(A) should be denied because the defendants failed to comply with Local Rule 37.1.

Local Rule 37.1 states, in part, as follows:

> (a) In the absence of a Judicial Officer establishing an alternative procedure for handling discovery disputes, the following procedure shall apply.
>
> (1) Discovery disputes shall be referred to a Judicial Officer only after counsel for the party seeking the disputed discovery has made, and certified to the Court the making of, sincere, good faith efforts to resolve such disputes.
>
> (2) The Judicial Officer may attempt to resolve the discovery dispute by telephone conference.
>
> (3) In the event the dispute is not resolved by the telephone conference, the parties shall outline their respective positions by letter and the Judicial Officer shall attempt to resolve the dispute without additional legal memoranda.
>
> (4) If the Judicial Officer still is unable to resolve the dispute, the parties may file their respective memoranda in support of and in opposition to the requested discovery by a date set by the Judicial Officer, who may schedule a hearing on the motion to compel.

On February 18, 2009, the defendants filed a reply [Doc. No. 22]. The defendants stated that before filing the motion to compel, counsel for the defendants contacted the court, advised the court of the pending discovery dispute, and requested a telephonic conference. The court advised the defendants

to file a motion to compel, including a brief description of the nature of the dispute, so that the court could schedule the telephonic conference.

In their reply brief, the defendants suggest that this court excused their departure from the local rules by recommending that the defendants file a motion. By instructing counsel for the defendants to file a motion, this court was expressing its preference for having the dispute "referred" to it via a motion on the docket rather than via an ex parte telephonic communication. Thus, this court's instructions were entirely consistent with Local Rule 37.1. Counsel for the defendants could not reasonably have expected this court to excuse a departure from the local rules via such an ex parte communication. Furthermore, counsel for the defendants cannot reasonably expect this court to award nearly $2000 in attorney's fees for a 27-page filing when the same result could have been accomplished in a single paragraph. Because the defendants filed a full memorandum in support of the motion, they did not comply with Local Rule 37.1. This court, therefore, will not award expenses because failure to comply with the local rules would "make an award of expenses unjust." *See* FED. R. CIV. P. 37(a)(5)(A)(iii).

Accordingly, the defendants' motion to compel is denied as moot and their request for expenses is also denied.

IT IS SO ORDERED.

    /s/ *Ann Aldrich*
ANN ALDRICH
UNITED STATES DISTRICT JUDGE

**Dated: February 23, 2009**